UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| David Raub, and William Raub,<br><br>                         Plainitffs,<br>-v.-<br><br>Moon Lake Property Owners Association, Oscoda County, Greenwood Township, Thomas McCauley, Linda Argue, Jim Hervilla, Fred Lindsey, Larry Mathias, and Tim Whiting,<br><br>                         Defendants. | COMPLAINT<br><br>1) Violation of 42 U.S.C. §1983: Conspiracy<br>2) Violation of 42 U.S.C. §1983: Retaliation<br>3) Violation of 42 U.S.C. §1983: Abuse of process<br>4) Violation of 42 U.S.C. §1983: First Amendment<br>5) Violation of the Americans with Disabilities Act (42 U.S.C. §12101, et seq.)<br>6) Violation of the Elliott-Larsen Civil Rights Act<br>7) Violation of the Marketable Record Title Act<br>8) Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq. (§37.1302)<br>9) Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq. (§37.1602)<br>10) Violation Of Stille-Derossett-Hale Single State Construction Code Act. |

Tonie M. Franzese (P54616)
P.O. Box 713
Northville, MI 48167
(248)767-3634
Attorney for Plaintiffs

## SUMMARY OF THE CASE

1. Some of the property owners in the Moon Lake Resort harbor a long-standing, very transparent and extreme dislike for Plaintiff brothers, David and William Raub. Plaintiffs' parents, George and Shirley Raub were original owners in Moon Lake Resort having purchased from the developer in 1970. In her later years, Plaintiffs' mother was disabled and unable to

1

access the community swimming pool and clubhouse. Plaintiffs investigated and discovered that the swimming pool and other architectural elements of the community property were not in compliance with the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA Compliance Dispute").

2. As the Plaintiffs continued to speak out, several other homeowners formed an anti-Plaintiffs' coalition and launched a multi-front campaign to squelch the Raubs' advocacy in the ADA Compliance Dispute. On one front, for example, the Moon Lake Property Owners' Association ("MLPOA") board, and in particular, board members Thomas McCauley, Linda Argue, Jennifer Marinkovski and Kathy Podzikowski began referring to it as Moon Lake by dropping the word "Resort" in emails, letters, board minutes, etc. Nonetheless, the Moon Lake Resort remained in its original form as named in the Master Deed, and the MLPOA remained a corporation formed for the exclusive purpose of managing the Moon Lake Resort which remains subject to federal and state laws requiring it to be accessible.

3. In furtherance of the MLPOA's efforts to transform the Moon Lake Resort into "Moon Lake" apparently by fiat, the MLPOA called in their attorney who gave his opinion as reported in the meeting minutes: "Mr. Hesselink (MLPOA's attorney) confirmed that as a private member association we are not regulated by ADA compliance."

4. The pool and other architectural elements of the community resort area remain today available for subscription use by the public. Indeed, at the time that the MLPOA began to make plans to reopen the pool in 2007 (in a form that was ADA non-compliant), responding to member concerns about how the pool would be maintained fiscally, MLPOA defendant Linda Argue stated that it expected as much as $10,000 per year could be raised by selling use subscriptions to the public.

5. Further, all of the pool renovations were completed without County issued permits by A-1 Pool, Bay City, MI in violation of the Stille-Derossett-Hale Single State Construction Code Act, MCL 125.1501, et seq, and a new and not ADA compliant Zeeb Landing deck was completed in 2012, also without County permit.

6. The Oscoda County Building Department supervisor, Tim Whiting, wrote that the deck met code requirements and that building and soil erosions permits were not required.

7. The MLPOA needed more leverage because the Plaintiffs continued to advocate for ADA compliance and were continuing to challenge the MLPOA's failure to fulfill its own corporate mandate (an internal derivative challenge). In order to gain more leverage, in 2012, Mr. McCauley and other members of the MLPOA launched a campaign by which Mr. McCauley was elected a Trustee of Greenwood Township.

8. Still unable to silence the Raubs, the Defendants launched the "NIMBY" front of their campaign, engaging Greenwood Township officials in the concert to abate themselves of a nuisance they called "Raub." Almost immediately after he was elected, Mr. McCauley caused a change to the Greenwood Township blight ordinance, and adding a provision that made enforcement thereof less transparent.

9. By January 2013, Greenwood Township officials were sending enforcement letters to Plaintiffs. Among the "blight" the officials wanted removed were Plaintiffs' state and federally protected "speech" about the ADA Compliance Dispute placed on their private property.

10. By the end of 2013, the conspiracy had failed its objective, and the ADA Compliance Dispute continued. In 2014, the litigation front of the Conspiracy began when the MLPOA filed a lien on the Raubs' property for the non-payment of the $45 annual dues, knowing full well that Mr. Raub was withholding payment only until there was a resolution of the ADA Compliance

Dispute and in response to the MLPOA's insistence that they did not manage the Moon Lake *Resort* which, according to its corporate mandate was its exclusive function; the collection of dues came under that mandate, too.

11. In the fall of 2014, Mr. McCauley caused Greenwood Township to sue the Raubs in Circuit Court allegedly to abate a nuisance on their property, but the only "nuisance" Mr. McCauley was really after was Plaintiffs. If it was not wholly clear before, the true motive became unequivocal when David Raub was advised by John Hervilla (a subcontractor working on Plaintiff's contracting project in Troy) that John's cousin, Jim Hervilla, Greenwood Township's ordinance enforcement officer had sent John an email from his Greenwood Township email mail account reporting that Mr. McCauley wanted to "stick it to" Plaintiffs.

12. A couple months later, in January 2015, the MLPOA filed a lawsuit in small claims division of the District Court allegedly to recover past dues but, again, the real motive was the vendetta on the Plaintiffs. In each of these lawsuits, Mr. McCauley bolted to the Courthouse to take the defaults at the first possible minute.

13. The filing of the lien, the filing of each of the two lawsuits, and the bogus enforcement actions (and possibly other as yet undiscovered or unverified actions) were each one an action taken with an ulterior unlawful purpose each one constituting both an abuse of process and an act in furtherance of the conspiracy to abate the "nuisance called Raub."

PARTIES

14. The plaintiffs are David Raub and William Raub, brothers who own two parcels in the Moon Lake Resort in Greenwood Township, Michigan.

15. Moon Lake Property Owners Association ("MLPOA") is a Michigan Corporation formed in 1973 for the exclusive purpose to manage the Moon Lake Resort.

4

16. Greenwood Township[1] is the local government within which is the Moon Lake Resort.

17. Oscoda County is a political subdivision of the State of Michigan and within it are both Greenwood Township and Moon Lake Resort.

18. Thomas McCauley is a land owner in the Moon Lake Resort, the Building and Use manager for the MLPOA, a board member of the MLPOA, and a Greenwood Township Trustee.

19. Linda Argue is an owner in the Moon Lake Resort and an MLPOA board member.

20. Jim Hervilla is the Zoning Enforcement Officer of Greenwood Township and, at this time, is named in his official capacity.

21. Fred Lindsey is Greenwood Township's Supervisor and executed the first alleged zoning violation notice to the Plaintiffs.

22. Larry Mathias is Greenwood Township official executed the first alleged zoning violation notice to the Plaintiffs.

23. Tim Whiting is a Building official and inspector for Oscoda County.

## JURISDICTION

24. This Court has original jurisdiction under 28 U.S.C. §1331 over actions arising under the Constitution, laws, and treaties of the United States; and this Court also has original jurisdiction under 28 U.S.C. §1343 over actions to secure civil rights; and this Court also has supplemental jurisdiction over the pendant state claims under 28 U.S.C. §1367.

## VENUE

25. 28 U.S.C. §1391(b) makes this district a proper venue because the acts giving rise to this action occurred here.

---

[1] There are two Townships in Michigan named "Greenwood." The Greenwood Township in Clare County is NOT a party to this action.

Count I

Violation of 42 U.S.C. §1983: Conspiracy

26. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

27. It is an actionable conspiracy both at common law and under federal law for two or more persons to combine and perform at least one unlawful act in furtherance of the conspiracy resulting in injury.

28. The defendants took several actions in furtherance of their campaign to silence, discredit, and marginalize Plaintiffs including but not limited to (1) ordinance enforcement actions; (2) placing liens on property; and (3) filing lawsuits against Plaintiffs.

29. Plaintiffs' have been injured including in their persons and their property.

30. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

Count II

Violation of 42 U.S.C. §1983: Retaliation

31. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

32. Plaintiffs engaged in constitutionally protected activity including when they 1) spoke out regarding the ADA and the MLPOA board's attempts to avoid its operation; 2) placed political speech on their property; and 3) corresponded regarding code violations.

33. Defendants' adverse actions were substantially based on the Plaintiffs exercise of their constitutionally protected rights.

34. Plaintiffs' have been injured including in their persons and their property.

35. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

## Count III

### Violation of 42 U.S.C. §1983: Abuse of process

36. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

37. It is an abuse of process both at common law and under due process law to knowingly use an otherwise legal process for the purpose of harassing or causing hardship.

38. Defendants have subjected Plaintiffs to multiple instances of abusive process for speaking out including, but not limited to (1) ordinance enforcement actions; (2) placing liens on property (also deemed a violation of the Marketable Record Title Act); and (3) filing lawsuits against Plaintiffs.

39. Plaintiffs' have been injured including in their persons and their property.

40. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

## Count IV

### Violation of 42 U.S.C. §1983: First Amendment

41. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

42. The United States Supreme Court has held that the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.

43. Defendants have subjected Plaintiffs to multiple instances of retaliatory action for speaking out including, but not limited to (1) ordinance enforcement action; (2) placing liens on property; and (3) filing lawsuits against Plaintiffs.

44. Plaintiffs' have been injured including in their persons and their property.

45. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

## Count V

Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

<u>42 U.S.C. §12182</u>

46. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

47. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

48. The MLPOA manages the ***Moon Lake Resort*** which is a covered entity.

49. Its swimming pool and other Resort elements are non-compliant with the ADA.

50. Plaintiffs have repeatedly addressed specific non-compliant elements and suggested corrections.

51. In response, the Plaintiffs have been targeted for a concerted retaliatory campaign by the defendants; spear-headed by Mr. McCauley and the MLPOA board, and involving township and county officials and contractors, related entities, and multiple individual actions taken in furtherance of the overall campaign, to wit -- the enterprise.

## Count VI

Violation of the Elliott-Larsen Civil Rights Act
<u>MCL 37.2701</u>

52. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

53. Neither any person, nor a group of two or more persons may conspire to 1) retaliate or discriminate, 2) help someone else violate another's civil rights, 3) attempt to do either, or 4) intimidate, threaten or interfere with a person's enjoyment of protected civil rights.

54. Defendants, individually and acting together in concert have subjected Plaintiffs to several violations of their civil rights including, but not limited to, the right to speak out and to use their property, to multiple instances retaliation or helped each other to retaliate because they exercised those rights, or attempted to violate their rights including, but not limited to (1) taking ordinance enforcement actions wrongful in themselves or wrongfully motivated; (2) placing liens on property (also deemed a violation of the Marketable Record Title Act) for a wrongful purpose and with malicious intent; and (3) filing lawsuits against Plaintiffs either wrongful in themselves or wrongfully motivated or with a wrongful purpose.

55. Plaintiffs' have been injured including in their persons and their property.

56. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

Count VII

Violation of the Marketable Record Title Act

MCL §565.101

57. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

58. No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land. §565.101.

59. Defendants knew the claim was false when made and acted with malice.

60. Plaintiffs' have been injured including in their persons and their property.

61. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as an injunction directing the MLPOA to remove the lien.

Count VIII

Violation of the Michigan Persons with Disabilities Civil Rights Act, MCL §37.1101, et seq.

MCL §37.1302

62. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

63. The Michigan Persons with Disabilities Civil Rights Act prohibits any person from denying an "individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from [it]."

64. Defendants are subject to the MPDCRA.

65. A "person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both." MCL §37.1606.

66. The Plaintiffs have alleged such a violation.

67. Plaintiffs request damages and an injunction requiring the MLPOA to bring the Moon Lake Resort compliant with the MPDCRA.

Count IX

Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq.

MCL §37.1602

68. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

69. The Michigan Persons with Disabilities Civil Rights Act prohibits actions taken by any "person or 2 or more persons" that do any the following:

"(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

(b) Aid, abet, incite, compel, or coerce a person to engage in a violation of this act.

(c) Attempt directly or indirectly to commit an act prohibited by this act.

(d) Willfully interfere with the performance of a duty or the exercise of a power by the commission or any of its authorized representatives.

(e) Willfully obstruct or prevent a person from complying with this act or an order issued.

(f) Coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by article 5.

70. Defendants are subject to the MPDCRA.

71. A "person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both." MCL §37.1606.

72. The Plaintiffs have alleged such a violation.

73. Plaintiffs request damages and an injunction requiring the MLPOA to bring the Moon Lake Resort compliant with the MPDCRA.

Count X

Violation Of Stille-Derossett-Hale Single State Construction Code Act, §125.1501, et seq.

§125.1510

74. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

75. The Michigan building code require that: "Except as otherwise provided in the code, before construction of a building or structure, the owner, or the owner's builder, architect,

engineer, or agent, shall submit an application in writing to the appropriate enforcing agency for a building permit." MCL §125.1510.

76. Pursuant to the Stille-Derossett-Hale Single State Construction Code Act, a building code enforcement official has a duty to report violations of the act or the rules under it.

77. The construction and construction changes made to the pool and Zeeb Landing deck in the Moon Lake Resort required a permit.

78. All work done at the Moon Lake Resort as described here was completed without a permit as required by MCL §125.1510, and the violation was not reported.

WHEREFORE Plaintiffs ask this Court for damages, including punitive damages, attorney fees and costs, a declaratory judgment, injunctive relief, and all other relief of any kind available hereunder.

Dated: October 5, 2015

Tonie M. Franzese, P54616
Attorney for plaintiffs