UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID RAUB, et al.,

        Plaintiffs,                    Case No. 15-13480

v                                                Honorable Thomas L. Ludington

MOON LAKE PROPERTY OWNERS
ASSOCIATION, et al.,

        Defendants.
_____/

## ORDER OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS, AND CORRECTING CLERICAL ERROR

Plaintiffs David and William Raub are brothers who own two parcels of property in the Moon Lake Resort in Greenwood Township, Michigan, located in Oscoda County. On October 5, 2005 Plaintiffs filed a ten-count complaint against Defendants Moon Lake Property Owners' Association, Linda Argue, and Thomas McCauley (the "Moon Lake Defendants"), Greenwood Township, James Hervilla, Fred Lindsey, and Larry Mathias, (the "Township Defendants") and Oscoda County and Tim Whiting (the "County Defendants") asserting the following counts: 1) Conspiracy in violation of 42 U.S.C. § 1983; 2) retaliation in violation of 42 U.S.C. § 1983; 3) abuse of process in violation of 42 U.S.C. § 1983; 4) violation of First Amendment rights in violation of 42 U.S.C. § 1983; 5) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*; 6) violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"); 7) violation of the Marketable Record Title Act, Mich. Compl. Laws § 565.101; 8) violation of the Michigan Persons with Disabilities Civil Rights Act ("MPWDCRA"), Mich. Comp. Laws § 37.1302; 9) violation of the MPWDCRA, Mich. Comp. Laws § 37.1602; and 10) violation of StilleDerosesett-Hale Single State Construction Code Act. *See* Compl., ECF No. 1. Plaintiffs

allege that after protesting that a pool within the Moon Lake Resort was not ADA compliant, Defendants conspired to "launch[] a multi-front campaign to squelch the Raub's advocacy in the ADA Compliance dispute." Compl. ¶ 2. As a part of this conspiracy, Defendants allegedly enforced blight ordinances against Plaintiffs, filed a lien on Plaintiffs' property for non-payment of $45 in annual dues, upon which Defendants subsequently obtained a default judgment, and filed a nuisance lawsuit against Plaintiffs in state court. Compl. ¶¶ 8-11.

**I.**

The case was reassigned to this Court on April 8, 2016. *See* ECF No. 18. Following a scheduling conference on May 17, 2016, a scheduling order was entered on May 18, 2016. *See* ECF No. 22. The matter was then referred to Magistrate Judge Patricia T. Morris for pretrial matters on July 6, 2016. *See* ECF No. 28.

On July 5, 2016 the Township Defendants filed a motion for a protective order, seeking to strike certain of Plaintiffs' document productions requests and interrogatories as irrelevant and not proportional to the case. *See* ECF No. 27. On July 15, 2016 the County Defendants similarly moved for a protective order. *See* ECF No. 31. Then, on July 25, 2016 the Moon Lake Defendants filed a motion for a protective order seeking to strike similar document productions requests and interrogatories as irrelevant and not proportional to the case. In each case, Plaintiffs sought to discover all computer hard drives, telephone logs, emails, GPS data, IP addresses, photos/videos, calendars, contacts, documents, bookmarks, device settings, app data, text messages, voicemail, device PIN numbers, backup data, and billing statements of the County, Township, and Association for the past 10 years, and the computer and email passwords of all individual users. Plaintiffs sought the same discovery from the individual Defendants, seeking to

discover the hard drives, emails, and passwords for Defendants' personal computers and their phone records and text messages for the past 10 years.

In response, on August 1, 2016 Plaintiffs filed a motion to compel the production of certain insurance policies, on-site inspections, all requested discovery, and billing addresses and phone numbers in order to obtain third-party subpoenas to Verizon, Sprint, AT&T, and T-Mobile. *See* ECF No. 37. Plaintiffs further requested that Defendants' motions be denied as untimely. *Id.* Finally, on August 5, 2016 the County Defendants filed a motion to compel the depositions of Plaintiffs based on representations by Counsel that the Plaintiffs would not be available until October. *See* ECF No. 40.

The magistrate judge held a hearing on all pending motions on August 15, 2016, which lasted two and a half hours. Thereafter, on August 17, 2016 the magistrate judge issued an order granting Defendants' motions for protective orders, denying Plaintiff's motions to compel, and granting in part the County Defendants' motion to compel depositions. *See* ECF No. 46. Plaintiffs then timely filed objections. *See* ECF Nos. 47, 48.

On October 12, 2016 Plaintiffs filed notice that they had accepted the County Defendants' offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). *See* ECF No. 52. Judgment has therefore been entered against Defendants Oscoda County and Tim Whiting. *See* ECF No. 54. The objections as they relate to the County Defendants will therefore be disregarded as moot.

**II.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall

consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

**A.**

In their first objection Plaintiffs argue that the magistrate judge erred in finding that Defendants did not waive their ability to object to Plaintiffs' discovery requests by filing untimely responses. Federal Rule of Civil Procedure 26(b)(1), as effective on December 1, 2015, governs the scope of discovery in civil cases:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id*. The rule's previous language allowing discovery of relevant but inadmissible information that appeared "reasonably calculated to lead to the discovery of admissible evidence" has been deleted from the new rule to address concerns that the exception was swallowing the limitations placed on the scope of discovery. *See* Rule 26, 2015 Advisory Committee Notes. If a party believes that the opposing party is using discovery in an attempt to annoy, embarrass, oppress, or

create undue burden or expense, then that party may move for a protective order under Rule 26(c)(1). If the moving party shows good cause, then a court may forbid the challenged disclosure or discovery. *See* Rule 26(c)(1)(A). Moreover, under Rule 26(c)(2)(C), on motion or on its own, the court *must* limit the extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(c)(2)(C)(iii).

Under Federal Rule of Civil Procedure 34(b)(2)(A), governing the production documents, electronically stored information, and inspections, a party to whom a discovery request is directed "must respond in writing within 30 days after being served." Such a response must respond to each item or category, and must state with specificity any objections. *See* Rule 34(b)(2)(B). The time to respond may be extended by stipulation or by an order of the court. *See* Rule 34(b)(2)(A). Late objections are normally considered waived, however, "when the request far exceeds the bounds of fair discovery, a court retains discretion to decline to compel the production of documents even if a timely objection has not been made." *Kolenc v. Bellizzi*, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); *see also Cooey v. Strickland*, 269 F.R.D. 643, 648 (S.D. Ohio 2010) (holding that waiver is left to the sound discretion of the reviewing court when the untimely objections concern the relevance of the information sought); *Eastern Technologies, Inc., v. Chem-Solv, Inc.*, 128 F.R.D. 74, 75 (E.D. Penn., October 23, 1989) (holding that slightly late objections to relevance and burdensomeness did not constitute flagrant violations warranting "the harshest sanctions" of waiver).

In a similar manner, under Rule 33 a party from whom interrogatories is sought must respond within 30 days after being served. *See* Rule 33(b)(2). Any objections to interrogatories must be stated with specificity, and "[a]ny ground not stated in a timely objection is waived *unless the court, for good cause, excuses the failure*." *See* Rule 33(b)(4) (emphasis added).

The Township Defendants concede that they responded to Plaintiffs' discovery requests four days after the deadline of July 1, 2016. *See* ECF No. 49. The Township Defendants argue that the delay was excusable because they were preparing for the state court trial against these very Plaintiffs that commenced on July 1, 2016. *Id.* The Moon Lake Defendants also concede that they responded to Plaintiffs' discovery requests ten days after the deadline, arguing that the delay resulted from a recent substitution of counsel. *See* ECF No. 51. These delays constitute minor technical violations of the discovery rules. On the other hand, Plaintiffs' discovery requests are breathtakingly broad, burdensome, and intrusive; far exceeding the scope of relevant and proportional discovery under Rule 26(b)(1). The magistrate judge did not abuse her discretion in excusing Defendants' delays and limiting the extent of discovery pursuant to Defendants' protective orders and her inherent power under Rule 26(c)(2)(C)(iii). Plaintiffs' first objection will be overruled.

**B.**

In their second objection, Plaintiffs argue that the magistrate judge's order incorrectly states that Plaintiffs' motion to compel was denied without prejudice. Plaintiffs argue that because the magistrate judge granted their request for the production of insurance information from Oscoda County, the order should state that Plaintiffs' motion was "granted in part and denied in part without prejudice." Defendants have not responded to this objection.

Plaintiffs are correct that the magistrate judge granted in part their motion to compel and ordered Defendant Oscoda County to produce insurance policies and reservation of rights letters in its possession. While Plaintiffs' objection in this regard is largely mooted by the dismissal of Oscoda County, for the sake of the clarity of the record this objection will be sustained and the clerical error corrected.

**C.**

Finally, in their third objection Plaintiffs again complain about the language of the magistrate judge's order, claiming that the order incorrectly states that the County Defendants' motion to compel the Plaintiffs' depositions was granted in part. Plaintiffs argue that because the order grants nothing that the Plaintiffs had not already agreed to, the motion should have been deemed withdrawn or denied without prejudice. This argument is immaterial for two reasons: first, because the County Defendants have been dismissed from this action, and second because Plaintiffs' proposed change has no effect of the substance of the order. The magistrate judge ordered that plaintiffs to be available for depositions during the week of September 19-23. The court has broad discretion to dispose of motions as it sees fit, and the magistrate judge did not commit any error in ruling that the County Defendants' request for relief was granted in part through that order.

**III.**

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 48, are **OVERRULED IN PART AND SUSTAINED IN PART.**

It is further **ORDERED** that the fourth bullet point of the magistrate judge's order resolving discovery motions, ECF No. 46, is **CORRECTED** to state as follows:

> Plaintiffs' Motion to Compel Production and Inspection (dkt. 37) is GRANTED IN PART AND DENIED IN PART without prejudice."

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 27, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2016.

                                          s/Michael A. Sian
                                          MICHAEL A. SIAN, Case Manager

1:15-cv-13480-TLL-PTM Doc # 56 Filed 10/27/16 Pg 8 of 8 Pg ID 939