UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| David Raub, and William Raub,<br><br>                            Plainitffs,<br>-v.-<br><br>Moon Lake Property Owners Association, Oscoda County, Greenwood Township, Thomas McCauley, Linda Argue, Jim Hervilla, Fred Lindsey, Larry Mathias, and Tim Whiting,<br><br>                            Defendants. | FIRST AMENDED COMPLAINT TO ADD COUNT XI– 42 USC §1985<br><br>1) Violation of 42 U.S.C. §1983: Conspiracy<br>2) Violation of 42 U.S.C. §1983: Retaliation<br>3) Violation of 42 U.S.C. §1983: Abuse of process<br>4) Violation of 42 U.S.C. §1983: First Amendment<br>5) Violation of the Americans with Disabilities Act (42 U.S.C. §12101, et seq.)<br>6) Violation of the Elliott-Larsen Civil Rights Act<br>7) Violation of the Marketable Record Title Act<br>8) Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq. (§37.1302)<br>9) Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq. (§37.1602)<br>10) Violation Of Stille-Derossett-Hale Single State Construction Code Act.<br>11) Violation of 42 USC §1985 – Conspiracy to deprive civil rights |

Tonie M. Franzese (P54616)
P.O. Box 713
Northville, MI 48167
(248)767-3634
Attorney for Plaintiffs

SUMMARY OF THE CASE

1. Some of the property owners in the Moon Lake Resort harbor a long-standing, very transparent and extreme dislike for Plaintiff brothers, David and William Raub. Plaintiffs' parents, George and Shirley Raub were original owners in Moon Lake Resort having purchased from the developer in 1970. In her later years, Plaintiffs' mother was disabled and unable to

1

access the community swimming pool and clubhouse. Plaintiffs investigated and discovered that the swimming pool and other architectural elements of the community property were not in compliance with the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA Compliance Dispute").

2. As the Plaintiffs continued to speak out, several other homeowners formed an anti-Plaintiffs' coalition and launched a multi-front campaign to squelch the Raubs' advocacy in the ADA Compliance Dispute. On one front, for example, the Moon Lake Property Owners' Association ("MLPOA") board, and in particular, board members Thomas McCauley, Linda Argue, Jennifer Marinkovski and Kathy Podzikowski began referring to it as Moon Lake by dropping the word "Resort" in emails, letters, board minutes, etc. Nonetheless, the Moon Lake Resort remained in its original form as named in the Master Deed, and the MLPOA remained a corporation formed for the exclusive purpose of managing the Moon Lake Resort which remains subject to federal and state laws requiring it to be accessible.

3. In furtherance of the MLPOA's efforts to transform the Moon Lake Resort into "Moon Lake" apparently by fiat, the MLPOA called in their attorney who gave his opinion as reported in the meeting minutes: "Mr. Hesselink (MLPOA's attorney) confirmed that as a private member association we are not regulated by ADA compliance."

4. The pool and other architectural elements of the community resort area remain today available for subscription use by the public. Indeed, at the time that the MLPOA began to make plans to reopen the pool in 2007 (in a form that was ADA non-compliant), responding to member concerns about how the pool would be maintained fiscally, MLPOA defendant Linda Argue stated that it expected as much as $10,000 per year could be raised by selling use subscriptions to the public.

5. Further, all of the pool renovations were completed without County issued permits by A-1 Pool, Bay City, MI in violation of the Stille-Derossett-Hale Single State Construction Code Act, MCL 125.1501, et seq, and a new and not ADA compliant Zeeb Landing deck was completed in 2012, also without County permit.

6. The Oscoda County Building Department supervisor, Tim Whiting, wrote that the deck met code requirements and that building and soil erosions permits were not required.

7. The MLPOA needed more leverage because the Plaintiffs continued to advocate for ADA compliance and were continuing to challenge the MLPOA's failure to fulfill its own corporate mandate (an internal derivative challenge). In order to gain more leverage, in 2012, Mr. McCauley and other members of the MLPOA launched a campaign by which Mr. McCauley was elected a Trustee of Greenwood Township.

8. Still unable to silence the Raubs, the Defendants launched the "NIMBY" front of their campaign, engaging Greenwood Township officials in the concert to abate themselves of a nuisance they called "Raub." Almost immediately after he was elected, Mr. McCauley caused a change to the Greenwood Township blight ordinance, and adding a provision that made enforcement thereof less transparent.

9. By January 2013, Greenwood Township officials were sending enforcement letters to Plaintiffs. Among the "blight" the officials wanted removed were Plaintiffs' state and federally protected "speech" about the ADA Compliance Dispute placed on their private property.

10. By the end of 2013, the conspiracy had failed its objective, and the ADA Compliance Dispute continued. In 2014, the litigation front of the Conspiracy began when the MLPOA filed a lien on the Raubs' property for the non-payment of the $45 annual dues, knowing full well that Mr. Raub was withholding payment only until there was a resolution of the ADA Compliance

Dispute and in response to the MLPOA's insistence that they did not manage the Moon Lake *Resort* which, according to its corporate mandate was its exclusive function; the collection of dues came under that mandate, too.

11. In the fall of 2014, Mr. McCauley caused Greenwood Township to sue the Raubs in Circuit Court allegedly to abate a nuisance on their property, but the only "nuisance" Mr. McCauley was really after was Plaintiffs. If it was not wholly clear before, the true motive became unequivocal when David Raub was advised by John Hervilla (a subcontractor working on Plaintiff's contracting project in Troy) that John's cousin, Jim Hervilla, Greenwood Township's ordinance enforcement officer had sent John an email from his Greenwood Township email mail account reporting that Mr. McCauley wanted to "stick it to" Plaintiffs.

12. A couple months later, in January 2015, the MLPOA filed a lawsuit in small claims division of the District Court allegedly to recover past dues but, again, the real motive was the vendetta on the Plaintiffs. In each of these lawsuits, Mr. McCauley bolted to the Courthouse to take the defaults at the first possible minute.

13. The filing of the lien, the filing of each of the two lawsuits, and the bogus enforcement actions (and possibly other as yet undiscovered or unverified actions) were each one an action taken with an ulterior unlawful purpose each one constituting both an abuse of process and an act in furtherance of the conspiracy to abate the "nuisance called Raub."

## PARTIES

14. The plaintiffs are David Raub and William Raub, brothers who own two parcels in the Moon Lake Resort in Greenwood Township, Michigan.

15. Moon Lake Property Owners Association ("MLPOA") is a Michigan Corporation formed in 1973 for the exclusive purpose to manage the Moon Lake Resort.

4

16. Greenwood Township[1] is the local government within which is the Moon Lake Resort.

17. Oscoda County is a political subdivision of the State of Michigan and within it are both Greenwood Township and Moon Lake Resort.

18. Thomas McCauley is a land owner in the Moon Lake Resort, the Building and Use manager for the MLPOA, a board member of the MLPOA, and a Greenwood Township Trustee.

19. Linda Argue is an owner in the Moon Lake Resort and an MLPOA board member.

20. Jim Hervilla is the Zoning Enforcement Officer of Greenwood Township and, at this time, is named in his official capacity.

21. Fred Lindsey is Greenwood Township's Supervisor and executed the first alleged zoning violation notice to the Plaintiffs.

22. Larry Mathias is Greenwood Township official executed the first alleged zoning violation notice to the Plaintiffs.

23. Tim Whiting is a Building official and inspector for Oscoda County.

## JURISDICTION

24. This Court has original jurisdiction under 28 U.S.C. §1331 over actions arising under the Constitution, laws, and treaties of the United States; and this Court also has original jurisdiction under 28 U.S.C. §1343 over actions to secure civil rights; and this Court also has supplemental jurisdiction over the pendant state claims under 28 U.S.C. §1367.

## VENUE

25. 28 U.S.C. §1391(b) makes this district a proper venue because the acts giving rise to this action occurred here.

---

[1] There are two Townships in Michigan named "Greenwood." The Greenwood Township in Clare County is NOT a party to this action.

Count I

Violation of 42 U.S.C. §1983: Conspiracy

26. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

27. It is an actionable conspiracy both at common law and under federal law for two or more persons to combine and perform at least one unlawful act in furtherance of the conspiracy resulting in injury.

28. The defendants took several actions in furtherance of their campaign to silence, discredit, and marginalize Plaintiffs including but not limited to (1) ordinance enforcement actions; (2) placing liens on property; and (3) filing lawsuits against Plaintiffs.

29. Plaintiffs' have been injured including in their persons and their property.

30. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

Count II

Violation of 42 U.S.C. §1983: Retaliation

31. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

32. Plaintiffs engaged in constitutionally protected activity including when they 1) spoke out regarding the ADA and the MLPOA board's attempts to avoid its operation; 2) placed political speech on their property; and 3) corresponded regarding code violations.

33. Defendants' adverse actions were substantially based on the Plaintiffs exercise of their constitutionally protected rights.

34. Plaintiffs' have been injured including in their persons and their property.

35. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

## Count III

### Violation of 42 U.S.C. §1983: Abuse of process

36. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

37. It is an abuse of process both at common law and under due process law to knowingly use an otherwise legal process for the purpose of harassing or causing hardship.

38. Defendants have subjected Plaintiffs to multiple instances of abusive process for speaking out including, but not limited to (1) ordinance enforcement actions; (2) placing liens on property (also deemed a violation of the Marketable Record Title Act); and (3) filing lawsuits against Plaintiffs.

39. Plaintiffs' have been injured including in their persons and their property.

40. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

## Count IV

### Violation of 42 U.S.C. §1983: First Amendment

41. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

42. The United States Supreme Court has held that the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out.

43. Defendants have subjected Plaintiffs to multiple instances of retaliatory action for speaking out including, but not limited to (1) ordinance enforcement action; (2) placing liens on property; and (3) filing lawsuits against Plaintiffs.

44. Plaintiffs' have been injured including in their persons and their property.

45. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

Count V

Violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

42 U.S.C. §12182

46. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

47. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

48. The MLPOA manages the *Moon Lake Resort* which is a covered entity.

49. Its swimming pool and other Resort elements are non-compliant with the ADA.

50. Plaintiffs have repeatedly addressed specific non-compliant elements and suggested corrections.

51. In response, the Plaintiffs have been targeted for a concerted retaliatory campaign by the defendants; spear-headed by Mr. McCauley and the MLPOA board, and involving township and county officials and contractors, related entities, and multiple individual actions taken in furtherance of the overall campaign, to wit -- the enterprise.

Count VI

Violation of the Elliott-Larsen Civil Rights Act

MCL 37.2701

52. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

53. Neither any person, nor a group of two or more persons may conspire to 1) retaliate or discriminate, 2) help someone else violate another's civil rights, 3) attempt to do either, or 4) intimidate, threaten or interfere with a person's enjoyment of protected civil rights.

54. Defendants, individually and acting together in concert have subjected Plaintiffs to several violations of their civil rights including, but not limited to, the right to speak out and to use their property, to multiple instances retaliation or helped each other to retaliate because they exercised those rights, or attempted to violate their rights including, but not limited to (1) taking ordinance enforcement actions wrongful in themselves or wrongfully motivated; (2) placing liens on property (also deemed a violation of the Marketable Record Title Act) for a wrongful purpose and with malicious intent; and (3) filing lawsuits against Plaintiffs either wrongful in themselves or wrongfully motivated or with a wrongful purpose.

55. Plaintiffs' have been injured including in their persons and their property.

56. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as a declaration of rights and an injunction directing the MLPOA to bring the Moon Lake Resort into ADA compliance.

### Count VII

Violation of the Marketable Record Title Act

MCL §565.101

57. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

58. No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land. §565.101.

59. Defendants knew the claim was false when made and acted with malice.

60. Plaintiffs' have been injured including in their persons and their property.

61. Plaintiffs' are entitled to substantial damages, including punitive damages, attorneys' fees and costs, as well as an injunction directing the MLPOA to remove the lien.

## Count VIII

Violation of the Michigan Persons with Disabilities Civil Rights Act, MCL §37.1101, et seq.

### MCL §37.1302

62. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

63. The Michigan Persons with Disabilities Civil Rights Act prohibits any person from denying an "individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from [it]."

64. Defendants are subject to the MPDCRA.

65. A "person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both." MCL §37.1606.

66. The Plaintiffs have alleged such a violation.

67. Plaintiffs request damages and an injunction requiring the MLPOA to bring the Moon Lake Resort compliant with the MPDCRA.

## Count IX

Violation of the Michigan Persons with Disabilities Civil Rights Act, M.C.L. §37.1101, et seq.

### MCL §37.1602

68. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

69. The Michigan Persons with Disabilities Civil Rights Act prohibits actions taken by any "person or 2 or more persons" that do any the following:

"(a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

(b) Aid, abet, incite, compel, or coerce a person to engage in a violation of this act.

(c) Attempt directly or indirectly to commit an act prohibited by this act.

(d) Willfully interfere with the performance of a duty or the exercise of a power by the commission or any of its authorized representatives.

(e) Willfully obstruct or prevent a person from complying with this act or an order issued.

(f) Coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by article 5.

70. Defendants are subject to the MPDCRA.

71. A "person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both." MCL §37.1606.

72. The Plaintiffs have alleged such a violation.

73. Plaintiffs request damages and an injunction requiring the MLPOA to bring the Moon Lake Resort compliant with the MPDCRA.

Count X

Violation Of Stille-Derossett-Hale Single State Construction Code Act, §125.1501, et seq.

§125.1510

74. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

75. The Michigan building code require that: "Except as otherwise provided in the code, before construction of a building or structure, the owner, or the owner's builder, architect,

11

engineer, or agent, shall submit an application in writing to the appropriate enforcing agency for a building permit." MCL §125.1510.

76. Pursuant to the Stille-Derossett-Hale Single State Construction Code Act, a building code enforcement official has a duty to report violations of the act or the rules under it.

77. The construction and construction changes made to the pool and Zeeb Landing deck in the Moon Lake Resort required a permit.

78. All work done at the Moon Lake Resort as described here was completed without a permit as required by MCL §125.1510, and the violation was not reported.

Count XI

42 U.S.C. §1985 – Conspiracy to Deprive Civil Rights

79. Plaintiffs incorporate paragraphs 1-25 as if set forth here.

80. Linda Argue, Thomas McCauley, and other members of the MLPOA "board" harbored a transparent, openly invidious opinion of the Plaintiffs.

81. Recently, Ms. Argue testified that she would like to have as little to do with Raubs as she could, and the other "board" members felt the same way.

82. Her testimony was video recorded and manifests a clear animosity

83. She and Mr. McCauley, among others, wanted to punish the Plaintiffs because William Raub had filed a lawsuit against them.

84. Mr. McCauley filed a small claims lawsuit against David Raub ostensibly for non-payment of membership dues, but the timing of that lawsuit, the facts underlying Mr. Raub's withholding of but not refusal to pay, and the recent inconsistent testimony of both Mr. McCauley and Ms. Argue relating to circumstances of that filing, taken together, belie a clear retaliatory motive to

punish the Raubs for having sought redress of the court in the earlier lawsuit, and a misuse of the judicial process to further injure them in their civil rights.

85. During her testimony, Ms. Argue implied that the MLPOA regularly filed small claims actions to collect unpaid dues, and that there were so many filed so routinely that she was compelled to make clear in her testimony more than once (as did Mr. McCauley) that the *court* had directed the MLPOA to file only five at a time.

86. During his recent deposition, Mr. McCauley testified that he could not recall how many, but implied in his verbal response and his body language that his failure to recall was based on the sheer volume of them.

86. Subsequent investigation of the court records show, however, that between 2014 and 2016, exactly twelve such actions were filed, they were all filed by Mr. McCauley and, that all but one of them was filed within a couple of months in the later part of 2014.

87. The one of the 12 that was not filed along with the others? The one filed against David Raub; that one was held until the first quarter of 2015.

88. At the time that the 11 other small claims actions were filed by Mr. McCauley for the MLPOA, the Township was filing another lawsuit against David Raub and his brother William Raub (who had filed the earlier lawsuit against the MLPOA) because the brothers had displayed their political speech on their property challenging this kind of conduct on the part of the MLPOA and the Township.

89. Mr. McCauley was a Township Trustee at these times.

90. Mr. McCauley, Linda Argue, and the "board" of the MLPOA, and others, have taken at least these actions in furtherance of their combined effort to retaliate against the Plaintiffs to injure them in and because of their exercise of more than one of their civil rights including, but not

limited to, their right to petition their government for redress of grievance, their right to freedom of speech including, but not limited to, their right to criticize government personnel and corruption, their right to receive procedural due process in legal actions brought against them, in their substantive right to due process to be free from the arbitrary and capricious misuse of the legal process, their right to be free from retaliation for their advocacy under the ADA, their substantive constitutionally protected right to be treated equally as others similarly situated.

91. The Plaintiffs have been injured in their persons[2] and their property, and have been deprived of having and exercising their rights and privileges of citizenship of the United States.

WHEREFORE Plaintiffs ask this Court for damages, including punitive damages, attorney fees and costs, a declaratory judgment, injunctive relief, and all other relief of any kind available hereunder.

Dated: November 22, 2016               LAW OFFICE OF TONIE M FRANZESE

                                       /s/ Tonie M. Franzese, P54616
                                       Attorney for plaintiffs

---

[2] By agreement the Plaintiffs are not seeking damages for physical or mental injury beyond that which would be awarded as presumed damages to obviate the evidentiary issue of proof thereof.