UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID RAUB, et al.,

        Plaintiffs,          Case No. 15-13480

v          Honorable Thomas L. Ludington

MOON LAKE PROPERTY OWNERS
ASSOCIATION, et al.,

        Defendants.
_____/

**ORDER REJECTING DAVID RAUB'S NOTICE OF DISCLAIMER,
GRANTING DEFENDANTS' MOTION TO ALLOW PAYMENT OF JUDGMENT,
AND DIRECTING PLAINTIFFS TO FURNISH COUNSEL FOR DEFENDANTS
OSCODA COUNTY AND TIM WHITING WITH COMPLETED W-9 FORMS**

On October 12, 2016 Plaintiffs David and William Raub filed notice that they had accepted Defendant Oscoda County and Tim Whiting's offer of judgment pursuant to Federal Rule of Civil Procedure 68(a). Pursuant to that rule, "[i]f, within 14 days after being served [with an offer of judgment], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk *must* then enter judgment." *Id*. (emphasis added). Judgment was therefore entered against Defendants Oscoda County and Tim Whiting in the amount of $5,000 on October 21, 2016. *See* ECF No. 54.

**I.**

On November 2, 2016 Defendants Oscoda County and Tim Whiting filed a motion to allow for the payment of judgment. *See* ECF No. 58. Defendants argue that they and their insurance company have attempted to obtain a W-9 and Plaintiffs' social security numbers from Plaintiffs and Plaintiffs' counsel in order to comply with IRS and Medicare reporting

requirements, but that Plaintiffs are refusing to provide the information. Defendants further allege that Plaintiffs are requesting that the judgment be paid directly to certain venders for certain litigation services instead of to Plaintiffs directly. In response, Plaintiffs filed a purported disclaimer of interest in the judgement proceeds on behalf of David Raub. *See* ECF No. 60. Plaintiffs then filed a response, arguing that they had submitted the W-9 for William Raub, but believed that David Raub could disclaim interest in the judgment proceeds pursuant to 15 U.S.C. § 2518. *See* ECF No. 67. 15 U.S.C. § 2518 is not a valid citation as it does not correspond to any existing federal statute.

Plaintiffs also argue that they are able to disclaim their interest in the judgment under Michigan law pursuant to M.C.L. §§ 700.2901 and 700.2909. Disclaimer of interest generally arises in cases where one party rejects another party's attempt to confer property, the right to receive and control property, or the power of appointment upon that party. A party cannot disclaim property that he has bargained for and contractually obligated himself to receive. As explained in § 700.2901(b), "[d]isclaimable interest does not include an interest retained by or conferred upon the disclaimant by the disclaimant at the creation of the interest." Here, by filing suit against Defendants and then accepting Defendants' offer of judgment, David Raub contractually committed to accepting the funds, and conferred upon himself an interest in the $5,000 judgment at the time the interest was created along with all of the associated obligations under the Internal Revenue Code. His interest in the judgment proceeds is therefore not disclaimable under the plain terms of the Michigan statute.

David Raub's attempt to disclaim the judgment proceeds also creates a basic problem of contract law. Defendant's offer of judgment constituted a valid offer. The Raubs' acceptance of that offer was a valid acceptance, and thus a contract was created whereby Defendants paid

$5,000 in consideration for Plaintiffs' dismissal of the lawsuit against them.  Allowing Plaintiff David Raub to disclaim consideration for the entry of judgment would render the agreement illusory as against David Raub. An entry of judgment is not just for the benefit of the prevailing party. It also benefits the party against whom judgment is entered in that it provides that party with an assurance that the matter has come to a conclusion and that it will not be sued again for the same alleged conduct.  Allowing Plaintiffs to prevail in their lawsuit as against Defendants Oscoda County and Tim Whiting while leaving the door open for William Raub to challenge the finality of that judgment would be an impermissible result. William Raub's attempt to disclaim the judgment proceeds for which he bargained will therefore be rejected.

How David and William Raub ultimately decide to allocate the $5,000 judgment amongst themselves is a different matter that should not involve Defendants or this Court.  If David Raub wishes to gift his portion of the judgment to his brother William after his receipt of the income, he presumably may.  However, it is noted that a party's attempt to allocate funds in a certain way is not binding upon the Internal Revenue Service. If the Internal Revenue Service determines that the purported allocation of funds does not reflect the economic realities of the transaction, then the Internal Revenue Service may reallocate the funds.  *See Patterson v. C.I.R.*, 810 F.2d 562, 570 (6th Cir. 1987) (noting the "Commissioner's ability, and indeed his duty, to look beyond the form of a transaction to its economic substance when there is reason to suspect either collusion or overreaching between the parties in order to improperly avoid the tax consequences of their actions.").

## II.

Accordingly, it is **ORDERED** that Plaintiff David Raub's notice of disclaimer, ECF No. 60, is **REJECTED**.

- 4 -

It is further **ORDERED** that Defendants Oscoda County and Tim Whiting's motion to allow for the payment of judgment, ECF No. 58, is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to provide counsel for Defendants Oscoda County and Tim Whiting with completed W-9 forms for Plaintiff William Raub, Plaintiff David Raub, and Plaintiffs' counsel's law firm **on or before December 9, 2016.** Failure to comply with this order may result in sanctions or contempt hearings.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 28, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager