**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

DAVID RAUB, and
WILLIAM RAUB,

    *Plaintiff,*

v.

MOON LAKE PROPERTY
OWNERS' ASSOCIATION,
GREENWOOD TOWNSHIP,
THOMAS McCAULEY,
LINDA ARGUE, FRED LINDSEY,
LARRY MATHIAS, and JOHN
HERVILLA,

    *Defendants.*[1]

_____/

CASE NO. 1:15-CV-13480

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons stated below, I recommend that:

- Defendants Greenwood Township, McCauley, Havrilla, Lindsey, and Mathias' motion to dismiss or for summary judgment (Doc. 75) be **GRANTED**;
- Defendants Oscoda County and Whiting's motion to dismiss (Doc. 76) be **GRANTED**; and
- Defendants Argue, McCauley and Moon Lake Property Owners' Association (MLPOA) motion to dismiss or for summary judgment (Doc. 80) be **GRANTED**.

---

[1] Oscoda County and Tim Whiting were terminated from this action on October 21, 2016. James Hervilla was terminated from this action on July 25, 2016.

## II. REPORT

### A. Introduction

Plaintiffs' complaint avers various claims regarding the Defendants' treatment of Plaintiffs as property owners and members of the Defendant Moon Lake Property Owners' Association ("MLPOA"). Plaintiffs are represented by counsel as are all the Defendants. The case has been referred to the undersigned magistrate judge for pretrial case management. (Doc. 28).

The facts are largely undisputed; it is the inferences to be drawn from the facts that are contested. Plaintiff David Raub and his wife own lot #196 in MLPOA, Lewiston, Michigan and Plaintiff William Raub owns lot #197 jointly with Plaintiff David Raub. (Doc. 75 at ID 1221, Exs. 1-2). Lot #196 is vacant with a motor home on it and lot #197 has a mobile home and garage on it. (*Id*). MLPOA charges $45/year in membership fees. (Doc. 75 at ID 1280). In 2011,

Plaintiffs' complaint avers the following claims: (1) conspiracy in violation of 42 U.S.C. §1983; (2) retaliation in violation of 42 U.S.C. §1983; (3) abuse of process in violation of 42 U.S.C. §1983; (4) First Amendment violation under 42 U.S.C. §1983; (5) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*.; (6) violation of the Michigan Elliott-Larsen Civil Rights Act; (7) violation of the Michigan Marketable Record Title Act; (8) violation of the Michigan Persons with Disabilities Civil Rights Act ("MPWDCRA"); (9) violation of the MPWDCRA; (10) violation of the Stille-Derossett-Hale Single State Construction Code Act; and (11) conspiracy to deprive civil rights in violation of 42 U.S.C. §1985.

Defendants Greenwood Township, McCauley, Havrilla, Lindsey, and Mathias filed a motion to dismiss or for summary judgment. (Doc. 75). Plaintiffs responded (Doc. 83) and filed

a declaration (Doc. 84) and Defendants replied (Doc. 86). Defendants Oscoda County and Whiting filed a motion to dismiss. (Doc. 76). Plaintiffs responded (Doc. 82, 83) and Defendants replied (Doc. 87). Defendants Argue, McCauley and MLPOA filed a motion to dismiss or for summary judgment. (Doc. 80). Plaintiffs responded with supplemental briefing (Doc. 83, 84, 98) and Defendants replied with supplemental briefing (Doc. 89, 97). The Court has reviewed all of the briefs filed. Accordingly, these motions are ready for Report and Recommendation.

### B. Motion standards

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the nonmoving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8

F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the nonmoving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not, however, 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D. N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco*

*Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### C. Law & Analysis

#### 1. Res Judicata standards

*Res judicata* represents "'a rule of fundamental and substantial justice'" seeking to provide a clear and binding end to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). It encompasses two related concepts: true *res judicata*, or claim preclusion, and collateral estoppel, also called issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 n.4 (6th Cir. 2002). Put simply, the difference between the two is that "[t]he former precludes entire claims, the latter relitigation of specific issues." *Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir. 1996). When a federal court made the prior judgment, federal law determines the judgment's preclusive effect. *See Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). On the other hand, where the prior judgment is a state court judgment, federal courts apply state law. *See Heyliger v. State Univ. & Cmty. Coll. Sys. Of Tenn.*, 126 F.3d 849, 851-52 (6th Cir. 1997).

Under Michigan law, "*res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical" to the prior action. *Sewell v. Clean Cut Mgt.*, 463 Mich. 569, 575 (Mich. 2001). *Res judicata* requires that "(1) the prior action was decided on the

merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies." *Richards v. Tibaldi*, 272 Mich. App. 522, 530 (2006). Michigan applies the broader transactional test, rather than the same evidence test. Under the transactional test, "'the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" *Adair v. State*, 470 Mich. 105, 124-25 (Mich. 2004) (citation omitted). In determining whether a factual grouping constitutes a transaction for purpose of *res judicata*, courts should consider whether the facts are related in time, space, origin or motivation, and whether they form a convenient trial unit. *Adair*, 470 Mich. at 398. *Res judicata* applies equally to "'counterclaim[s] stemming from the same issues or subject matter in a prior suit[.]'" *Stanton v. Auto Owners Ins. Co.*, No. 327007, 327644, 2016 WL 6269614, at *5 (Mich. App., Oct. 25, 2016)(citation omitted). A privy is one who has a mutual or successive relationship to the same right of property or who, after rendition of a judgment, has acquired an interest in the subject matter affected by the judgment through one or under one of the parties, as by inheritance, succession, or purchase. *Howell v. Vito's Trucking & Excavating Co*, 386 Mich. 37, 43 (Mich. 1971).

### 2. Greenwood Township, McCauley, Havrilla, Lindsey, and Mathias' motion to dismiss or for summary judgment (Doc. 75)

Defendants contend that they are entitled to dismissal because Plaintiffs' claims are: (1) barred by *res judicata*/collateral estoppel and the *Rooker-Feldman* Doctrine; (2) Defendants are entitled to governmental immunity from the §1983 constitutional and statutory claims and the

state law tort claims; (3) the eleven counts fail to state claims upon which relief can be granted; and (4) the claims are barred by the statute of limitations. (Doc. 75).

The previous lawsuit upon which Defendants base their *res judicata* and *Rooker-Feldman* arguments was one filed in 2014 by Greenwood Township (the township) against the instant Plaintiffs, David and William Raub ("the Raubs") in the Oscoda County, Michigan, Circuit Court (the Oscoda court). In that case, Greenwood Township sought to require the Raubs to remove numerous signs that the Raubs had placed on their lots within the MLPOA property and which violated the relevant township zoning ordinance (the ordinance) governing signs. (Doc. 75, Ex. 5). The Raubs counterclaimed that: (1) Greenwood Township violated their due process rights by the attempts at enforcement of the ordinance; (2) the township violated their First Amendment rights by banning political speech on residential property through the ordinance; and (3) the ordinance is unconstitutionally vague. (Doc. 75 at Ex. 6). The Oscoda County Court granted the township's motion for summary disposition as to counterclaims 1 and 3, and found that the ordinance was unconstitutional as applied to the Raubs. The Oscoda court also held that the amended version of the township zoning ordinance (amended January 16, 2016, and effective March 3, 2016) was constitutionally sound because it allowed signs expressing a political, philosophical or ideological viewpoint on matters of public interest. (Doc. 75, Ex. 18). The Oscoda court held an evidentiary hearing to determine the amount of damages that the Raubs would be entitled to for the First Amendment violation as applied to them and granted nominal damages in the amount of $1.00 for each of the Raubs. The Oscoda court denied any compensatory damages as there was "[n]o evidence as to any actual damages sustained by [the Raubs.]" (Doc. 75, Ex.

20). The Oscoda court also denied punitive damages based on a lack of evidentiary support since "testimony at the hearing indicated [the township] acted based on number of signs and size of signs, not content" and that the township's "actions did not limit [the Raubs'] free expression" because the Raubs "maintained their signs reflecting political expression without interruption." (*Id*).

I suggest that the prior Oscoda County action was decided on the merits, the decision was a final decision, and that the matters asserted in the instant federal case were or could have been decided in the Oscoda County action. The Raubs counterclaims were for First Amendment and due process violations. In the instant case, the Raubs allege these same claims against these township Defendants (First Amendment violation in general and under retaliation) and add claims under the Marketable Title Act, and for conspiracy to violate civil rights. These claims all rely on the same set of facts and evidence to establish liability. These additional claims could have been raised and should have been raised in the Oscoda County case and thus are precluded by *res judicata. See, Schwartz v. City of Flint,* 187 Mich. App. 191, 196-97, 486 N.W.2d 357, 360-61 (Mich. App. 1991) (finding present claim for money damages barred by *res judicata* where claim arose out of the same transaction even though the availability of money damages was not yet formally recognized at the time of the previous action); *Patulski v. Thompson*, No. 278944, 280033, 2008 WL 4414212, at *3-4 (Mich. App. Sept. 30, 2008) (finding breach of fiduciary duty claim barred by *res judicata* in subsequent action where prior action determined rightful possession under a lease that was alleged to have been invalid and where that action implicitly determined that the parties properly exercised their fiduciary duty in executing the lease). I also

suggest that Greenwood Township is the exact same party as in the Oscoda County action and that Defendants Lindsey, Havrilla, Mathias, and McCauley, as current and former township officers, are privies of the township. *Richards, supra.* Accordingly, I suggest that the Greenwood Township Defendants' motion should be granted, (Doc. 75). Therefore, I need not reach the other arguments raised in this motion. (Doc. 75).

I further note that Plaintiffs do not dispute, in their response to the motion to dismiss or for summary judgment filed by Greenwood Township, McCauley, Havrilla, Lindsey, and Mathias, that the claims against these defendants could or should have been raised in the prior action against Greenwood Township. *See generally* (Doc. 83). Indeed, Plaintiffs only briefly mention *res judicata* at all, asserting that "there is authority which prohibits the application of res judicata prospectively in civil rights litigation. [Citation to be provided]. Plaintiffs will provide a more detailed opposition in a later supplemental Response, if the Court would otherwise entertain dismissal on these grounds and reject all of the other arguments made here." (*Id.* at 17). No such argument or citation was provided in any of Plaintiffs' later documents. As discussed above, application of *res judicata* is appropriate and necessary in this case, and bars each of Plaintiffs' causes of action against Greenwood Township, McCauley, Havrilla, Lindsey, and Mathias. Because Plaintiffs have failed to argue that application of *res judicata* is inappropriate, they will be unable to raise any argument in objections or on appeal. *See Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Brickner v. Voinovich*, 977 F.2d 235, 238 (6th Cir. 1992) (arguments not presented to the district court are generally considered waived), cert. denied, 508 U.S. 974 (1993).

### 3. Defendants Oscoda County and Whiting's motion to dismiss. (Doc. 76)

Defendants Oscoda County and Tim Whiting contend that they are entitled to dismissal because they were previously dismissed from this case and the amended complaint cannot be read to have reinvigorated the previous judgment filed in this case. (Doc. 76). On October 21, 2016, in the instant case, pursuant to a settlement reached, a judgment entered in favor of Plaintiffs and against Defendants Oscoda County and Tim Whiting in the amount of $5,000, inclusive of all costs and attorney fees. (Doc. 54). Although Defendants sought concurrence in the motion, Plaintiffs' counsel indicated that "she is not suing Defendants Oscoda County and Tim Whiting, despite the fact that she filed a First Amended Complaint which names Defendants Oscoda County and Tim Whiting as party Defendants, and makes the exact same allegations against them as those resolved by the Judgment." (Doc. 76 at ID 1626). Since the action was decided on the merits, a final decision and judgment entered, the matter was exactly the same and involved the same parties, *res judicata* bars any action against these Defendants and their motion should be granted. *Richards, supra.*

As above, Plaintiffs fail to dispute whether the issues raised in this action against Oscoda and Whiting could have been raised in the prior action against those parties. *See generally* (Doc. 82). Plaintiffs' failure to do so waives any argument to the contrary, and Plaintiffs will be unable to argue in objections or on appeal that *res judicata* is inapplicable to this action. *See Ward*, 208 F.3d 216; *Brickner*, 977 F.2d at 238.

### 4. Defendants Argue, McCauley and MLPOA's motion to dismiss or for summary judgment. (Doc. 80)

10

These Defendants argue that summary judgment should be granted in their favor because: (1) Plaintiffs' claims are barred by *res judicata*; (2) Plaintiffs have failed to state a claim upon which relief can be granted or have failed to demonstrate a genuine issue of material fact precluding summary judgment in Defendants' favor; and (3) Plaintiff's claims are barred by the statute of limitations. (Doc. 80).

As to the first argument, *res judicata*, there are two Oscoda County cases these Defendants rely on in their argument to apply *res judicata*.[2] One was brought in 2011 by William Raub against MLPOA, Ross Argue, Linda Argue, Debra Downing, and Kathy Podzikowski. (Doc. 80, Ex. 10A; Doc. 75, Ex. 3).

William Raub averred the following claims: (1) breach of fiduciary duty and embezzlement against Defendants Downing, and both Defendant Argue; (2) false accusation/defamation by Defendants MLPOA and both Defendant Argue; and (3) violation of deed restriction/by-laws by MLPOA, Argue, Downing and Podzikowski. (*Id.*). On the date set for trial, the Oscoda court entered an order noting that the parties "negotiated and placed on the record a proposed settlement." (*Id.* at Ex. 10B).

---

[2] Defendants also rely on the 2014 Greenwood Township case versus the Raubs as discussed under Greenwood Township's motion for summary judgment . In order to rely on this case, Defendants contend that *res judicata* applies to Plaintiffs' First Amendment claims because "MLPOA was a privy of Greenwood Township based on Plaintiffs' allegations that they conspired as an extension of the Township in 2014 to infringe Plaintiffs' rights." (Doc. 80 at ID 1693). Defendants have "cite[d] no precedent for the proposition that co-conspirators are to be treated as privies for the purposes of *res judicata*" and the Court "decline[s] to extend the limited concept of privy to co-conspirators." *Novak v. World Bank*, 703 F.2d 1305, n 11 (D.C. Cir. 1983). Accordingly, the prior Greenwood Township case will not provide any res judicata relief for the Defendants and the Court will focus on the two cases, 2011 and 2015, listed above that involved MLPOA and the Raubs.

The second case was a 2015 case in which MLPOA sued David Raub for unpaid association dues and fees. (Doc. 80, Ex. 13A). David Raub filed the following counterclaims against the MLPOA: (1) quiet title; (2) violation of the Michigan Corporations Act; (3) the liens filed constitute slander per se in violation of the Marketable Record Title Act, and the following cross-claims against Thomas McCauley: (1) the liens constitute slander per se in violation of the Marketable Record Title Act; and (2) individual liability under the Michigan Corporations Act. (Doc. 80, Ex. 13B). The Oscoda court granted the MLPOA's motion for summary disposition against Defendant David Raub for unpaid association dues and fees, granted costs to the MLPOA. (Doc. 80, Ex. 13C). The Oscoda court also found that Defendant David Raub had failed to state any counterclaims or cross-claims upon which relief could be granted. (*Id*).

MLPOA, Argue, and McCauley specifically contend that *res judicata* bars Plaintiffs' current Marketable Title Act claim (Count 7) because the "Oscoda County District Court found MLPOA's lien valid and awarded judgment in favor of MLPOA." (Doc. 80 at ID 1694, Ex. 13C). This issue was decided on the merits, the decision was final, the matter was resolved, and both actions involved the same parties and David Raub's privy, William Raub. *Richards, supra.*

As to Plaintiffs' remaining claims, conspiracy (Count 1), First Amendment retaliation (Count 2), abuse of process (Count 3), First Amendment violation (Count 4), ADA (Count 5), ELCRA (Count 6), MPWDCRA (Counts 8 and 9), Tille-Derossett-Hale Construction Act (Count 10), and conspiracy (Count 11), I suggest that *res judicata* also precludes these claims.

The 2011 Complaint referenced the ongoing "[v]endetta" against the Raubs, complained about being denied access to the by-laws, office and pool, and had retaliated against William Raub

12

(in his role as pool attendant) by falsely blaming him for problems after William Raub complained that DEQ temperature standards and others for the pool had not been met. (Doc. 80, Ex/ 10A). In the 2015 action, David Raub argued, in his counterclaim based on the Michigan Corporations Act, that "MLPOA and Mr. McCauley have been aware, at all relevant times, that Mr. Raub and others believe that the Moon Lake Resort is not in compliance with certain federal laws including, among other, the Americans with Disabilities Act" and that "Mr. Raub has maintained that the property is subject to the ADA[.]" Doc. 80, Ex. 13B at 5).

Based on allegations in the 2011 case, and those in the 2014 case with Greenwood Township, Plaintiffs in 2015 would have been well aware of all the issues raised in the instant complaint. In the 2015 case, David Raub included claims based on the lien, title, slander, process and Michigan Corporation Act that are repeated in the instant case. Plaintiffs were also aware of the alleged disability non-compliance since those allegations were expressly mentioned. (Doc. 80, Ex. 13B at 5). Thus, Plaintiffs could have argued the ADA, MPWDCRA, Construction Code and ELCRA claims in 2015, but did not. The Plaintiff Raub brothers are privies of one another and MLPOA and its current and former board members are privies of one another. Since the remaining claims raised against the MLPOA Defendants in the instant complaint could have been resolved in the 2015 Oscoda County action, and all stem from the same operative facts and evidence, they are precluded by *res judicata*. *Richards, supra*. Accordingly, I suggest that defendants Argue, McCauley, and MLPOA's motion be granted based on the doctrine of *res judicata*. I therefore need not reach Defendants remaining arguments.

Once again, Plaintiffs have failed to dispute that *res judicata* is applicable to this case, and that the doctrine bars their actions against Argue, McCauley, MLPOA because they could and should have raised the instant claims against those parties in the prior action. *See generally* (Doc. 83). Plaintiffs' failure to do so waives any argument to the contrary, and Plaintiffs will be unable to argue in objections or on appeal that *res judicata* is inapplicable to this action. *See Ward*, 208 F.3d 216; *Brickner*, 977 F.2d at 238.

## III.    CONCLUSION

For all the reasons stated above, I recommend that Defendants' motions (Doc. 75, 76 and 80) be granted.

## IV.    REVIEW

Rule 72(b) (2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b) (2); *see also* 28 U.S.C. § 636(b) (1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d) (2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b) (2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 24, 2017                     S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: February 24, 2017                      By s/Kristen Castaneda
                                             Case Manager