UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID RAUB, et al.,

                   Plaintiffs,                        Case No. 15-13480

v                                       Honorable Thomas L. Ludington

MOON LAKE PROPERTY OWNERS
ASSOCIATION, et al.,

                   Defendants.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT,
GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING ALL CLAIMS
WITH PREJUDICE**

Plaintiffs David and William Raub are brothers who own two parcels of property in the

Moon Lake Resort in Greenwood Township, Michigan, located in Oscoda County.  On October

5, 2005 Plaintiffs filed a ten-count complaint against Defendants Moon Lake Property Owners'

Association, Linda Argue, and Thomas McCauley (the "Moon Lake Defendants"), Greenwood

Township, James Hervilla, Fred Lindsey, and Larry Mathias, (the "Township Defendants") and

Oscoda County and Tim Whiting (the "County Defendants"). Plaintiffs then filed an amended

complaint adding an eleventh count on November 22, 2016. *See* ECF No. 71. Plaintiffs allege

that after they protested that Moon Lake's pool was not ADA compliant, Defendants conspired

to "launch[] a multi-front campaign to squelch the Raub's advocacy in the ADA Compliance

dispute." Compl. ¶ 2.   As a part of this conspiracy, Defendants allegedly enforced blight

ordinances against Plaintiffs, filed a lien on Plaintiffs' property for non-payment of $45 in annual

dues upon which Defendants subsequently obtained a default judgment, and filed a nuisance

lawsuit against Plaintiffs in state court. Compl. ¶¶ 8-11.

The County Defendants were dismissed from this action on October 21, 2016 after Plaintiff accepted their offer of judgment. *See* ECF No. 54. However, after Plaintiffs' amended complaint reasserting the claims against the County Defendants, those Defendants filed a motion to dismiss on December 5, 2016. *See* ECF No. 76. That same day, December 5, 2016, the Township Defendants moved for summary judgment, and the following day, December 6, 2016, the Moon Lake Defendants moved for summary judgment. *See* ECF Nos. 75, 80. On February 24, 2017 Magistrate Judge Patricia T. Morris issued her report, recommending that Defendants' motions be granted on the basis of *res judicata*. *See* ECF No. 104. On March 13, 2017 Plaintiffs filed objections. *See* ECF No. 104. For the reasons stated below, Plaintiffs' objections will be overruled and the magistrate judge's report will be adopted.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). Plaintiffs now raise eight objections to the magistrate judge's report and recommendation. *See* ECF No. 105.

## A.

In their first objection Plaintiffs argue that it was fundamentally unfair for the magistrate judge to decide Defendants' motions on the papers without holding a hearing. However, "dispositive motions are routinely decided on papers filed by the parties, without oral arguments." *Scott v. Metro. Health Corp.*, 234 Fed.Appx. 341 (6th Cir. 2007). Furthermore, the Eastern District of Michigan Local Rules specifically permits motions to be decided without a hearing. *See* E. D. Mich. L. R. 7.1(f). Because Defendants' motions present straightforward legal questions regarding the applicability of *res judicata*, it was appropriate for the magistrate judge to decide the motions without holding a hearing.

**B.**

Plaintiffs next object that the report and recommendation should be rejected because they were barred from conducting necessary discovery into the merits of the case. This objection is without merit, as this Court has already found that Plaintiffs' discovery requests were "breathtakingly broad, burdensome, and intrusive; far exceeding the scope of relevant and proportional discovery under Rule 26(b)(1)." *See* ECF No. 56. Plaintiffs' second objection is therefore without merit and will be overruled.

**C.**

In their third objection Plaintiffs argue that they did not waive their right to challenge the applicability of *res judicata*, despite conceding that they did not challenge its applicability in response to Defendants' motions for summary judgment. Because Defendants raised *res judicata* arguments in their motions for summary judgment Plaintiffs were on notice that the magistrate judge could rest her decision on that basis. Plaintiffs therefore disregarded Defendants' *res judicata* arguments at their own peril. In response to Defendants' motions for summary judgment, it was Plaintiffs' burden to set out facts showing "a genuine issue for trial." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Plaintiffs were not permitted to rest on their pleadings, nor rely on the hope that the magistrate judge would disbelieve or disregard Defendants' claims. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotations omitted).  By failing to challenge Defendants' assertion of *res judicata*, Plaintiffs did not satisfy this burden, and waived their ability to challenge the applicability of *res judicata* at a later stage.

## D.

Through their fourth, fifth, sixth, and seventh objections Plaintiffs challenge the magistrate judge's determination that *res judicata* bars their claims.  However, as noted above, Plaintiffs did not raise these arguments in response to Defendants' motions for summary judgment. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000).  Plaintiffs have not identified any compelling reason for failing to raise these arguments in response to Defendants' motions for summary judgment.  Their objections will therefore be overruled.

## E.

In their eighth and final objection Plaintiffs argue the magistrate judge's report impermissibly shifted the burden of persuasion to Plaintiffs.  However, as noted above, at the summary judgment stage it was Plaintiff's burden to set out facts showing "a genuine issue for trial." *Anderson,* 477 U.S. at 250.  By failing to contest Defendants' *res judicata* arguments Plaintiffs did not meet this burden.  Plaintiffs' final objection will therefore be overruled.

## III.

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 105, are **OVERRULED.**

It is further **ORDERED** that the report and recommendation, ECF No. 104, is **ADOPTED**.

It is further **ORDERED** that the Township Defendants' motion for judgment, ECF No. 75, is **GRANTED**.

It is further **ORDERED** that the County Defendants' motion to dismiss, ECF No. 76, is **GRANTED**.

It is further **ORDERED** that the Moon Lake Defendants' motion for summary judgment, ECF No. 80, is **GRANTED**.

It is further **ORDERED** that Plaintiffs' claims are **DISMISSED with prejudice.**


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 13, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager