UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID RAUB and WILLIAM RAUB,

                Plaintiffs,                Case No. 15-cv-13480

v.                                              Honorable Thomas L. Ludington

MOON LAKE PROPERTY OWNERS'
ASSOCIATION, OSCODA COUNTY,
GREENWOOD TOWNSHIP, THOMAS
McCAULEY, LINDA ARGUE, JIM
HERVILLA, FRED LINDSEY, LARRY
MATHIAS, and TIM WHITING,

                Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS FOR ATTORNEY
FEES AND COSTS AND DENYING PLAINTIFFS' MOTION**

On May 2, 2017, Defendants Greenwood Township, James Hervilla, Fred Lindsey, Larry Mathias, and Thomas McCauley (as Greenwood Township Trustee) filed a motion for attorney fees and costs. ECF No. 112. On May 11, 2017, Defendants Linda Argue, Thomas McCauley, and Moon Lake Property Owner's association filed a motion for attorney fees and costs. ECF No. 117. On May 16, 2017, Plaintiffs filed a motion for attorney fees and costs. ECF No. 124. The matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 113, 118, 126. On June 26, 2017, Judge Morris issued a report recommending that Defendants' motions for attorney fees and costs, ECF Nos. 112 and 117, be granted, and that Plaintiffs and Plaintiffs' counsel be held jointly and severally liable for the payment of (a) $102,174.80 to Defendants Greenwood Township, Fred Lindsey, Thomas McCauley as Greenwood Township Trustee, Jim Havrilla, and Larry Mathias, and (b) $111,491.07 to Defendants Linda Argue, Thomas

McCauley, and Moon Lake Property Owners' Association. ECF No. 142. Judge Morris's report also recommended that Plaintiffs' motion for attorney fees and costs be denied. *Id.* Plaintiffs timely objected to the report and recommendation. ECF No. 143. For the reasons that follow, the objections will be overruled, the report and recommendation will be adopted, Defendants' motions for attorney fees and costs will be granted, and Plaintiffs' motion for attorney fees and costs will be denied.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An

"objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

Plaintiffs raise three objections to the report and recommendation. Each will be addressed in turn.

### A.

First, Plaintiffs object on the ground that "It is unfair to award $215,000 in attorney fees without oral argument." Obj. at 2–3, ECF No. 143. The specific provision of the report and recommendation objected to is Part I, PG. ID 4085, wherein Judge Morris concluded that "[e]ach motion is therefore ready for determination." *Id.* at 2. Plaintiffs submit that serious prejudice will arise if an opportunity for oral argument is not afforded. Plaintiffs quote *Central Distrib. Of Beer v. Conn*, which underscores the value of oral argument. 5 F.3d 181 (6th Cir. 1993). Plaintiff also cites to *Matthews v. Eldridge* for the proposition that the "Constitution guarantees Plaintiffs a meaningful opportunity to be heard at a meaningful time." Obj. at 3; *Matthews v. Eldridge*, 424 U.S. 319 (1976).

Plaintiffs have had a meaningful opportunity to be heard. Plaintiffs were afforded an opportunity to respond to Defendants' motions for attorney fees, were granted an extension of time to respond to the motions, and responded to both motions. *See* ECF Nos. 123, 132. Plaintiffs also filed their own motion for attorney fees, and replied to Defendants' response to

said motion. *See* ECF Nos. 124, 139. Judge Morris reviewed the briefing and issued a report and recommendation. ECF No. 142. Plaintiffs then had an opportunity to make specific objections to Judge Morris's proposed findings. Rather than objecting to specific proposed findings, Plaintiffs request an opportunity for oral argument. However, Plaintiffs have not identified any factual or legal issues that would need to be explored during oral argument. Accordingly, the objection will be overruled.

Plaintiffs' first objection also appears to challenge the authority of a U.S. District Court to refer motions for attorney fees to a Magistrate Judge. Plaintiff notes that 28 U.S.C. §636(b)(1) provides for the referral of pretrial matters to Magistrate Judges, and seems to infer from this provision that "it may well be that these *post-trial* motions may not properly be the subject of referral to a Magistrate Judge in the first place." Obj. at 2. To the contrary, rule 54(d)(2)(D) provides that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D).

Accordingly, Plaintiffs' first objection will be overruled.

**B.**

Plaintiffs' second objection takes issue with the "invective" employed by the report and recommendation, stating that the language used therein "is not civil, it is unnecessary, and it is hurtful." *Id.* at 4. This is not a specific objection to the proposed findings and recommendations, and it will thus be overruled. Plaintiffs also object to the recommendation that Plaintiffs and Plaintiffs' counsel be held jointly and severally liable for the fee award. Plaintiffs identify numerous instances in which the report criticizes conduct of Plaintiffs' counsel, and Plaintiffs argue that "the RR does not address that if the fees are to be awarded on this basis, they may only be awarded against the undersigned counsel, and NOT against the Plaintiffs." *Id.* Plaintiffs

suggest that, to the extent Judge Morris based her recommendation for a fee award only on misconduct of Plaintiffs' *counsel*, fees should only be awarded against said counsel, and not against the Plaintiffs. Plaintiffs also note in their response brief that 28 U.S.C. § 1927 by its terms only applies to attorneys and not to parties.

However, Judge Morris clearly set forth distinct bases for a fee award against Plaintiffs and their counsel. First, the report finds that a fee award is justified against Plaintiffs under 42 U.S.C. § 1988 and 12205 for pursuing frivolous claims including a "fabricated" statement in the complaint that was "central to their conspiracy charge and attributed to Defendant Havrilla." Rep. & Rec. at 12. The report further noted that "David Raub even admitted in an affidavit to pursuing the same claims 'over the years' in this and other prior lawsuits." *Id.* Next, the report provides justification under 28 U.S.C. § 1927 for a fee award against Plaintiff's counsel, Ms. Franzese, and discusses conduct that Judge Morris attributed to Ms. Franzese specifically. *Id.* at 14. Thus, the report provides distinct justification for a fee award against Plaintiffs and Plaintiffs' counsel, attributing wrongful conduct to each, and analyzing each under the respective statutes. Furthermore, there is sound legal precedent for holding Plaintiffs and their counsel jointly and severally liable for Defendants' attorney fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. *See*, *e.g. Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818 (6th Cir. 2000) (holding Plaintiff and her counsel jointly and several liable for Defendants' attorney fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927); *Royal Oak Entm't, L.L.C. v. City of Royal Oak, Mich*, 486 F. Supp. 2d 675 (E.D. Mich. 2007), *aff'd sub nom. Royal Oak Entm't, L.L.C. v. City of Royal Oak*, 316 F. App'x 482 (6th Cir. 2009).

Accordingly, Plaintiffs' second objection will be overruled.

**C.**

Finally, Plaintiffs object to Judge Morris's proposed finding that Defendants' motions for attorney fees were timely. *Id.* at 4–5. Specifically, Plaintiffs contend that the report glosses over the conflict between local rule 54.1.2 and federal rule 54(d)(2). Local rule 54.1.2(a) allows 28 days following the entry of judgment for a party to move for an award of fees and costs, while federal rule 54(d)(2) provides only 14 days. L.R. 54.1.2(a); Fed. R. Civ. P. 54(d)(2). Plaintiff contends that federal rule 54(d)(2) controls.

Judge Morris's report cites controlling precedent for the proposition that District Courts remain free to adopt local rules establishing timeliness standards for the filing of claims of attorney's fees. Rep. & Rec. at 10, ECF No. 142 (citing *Epperson v. Colbert*, 2017 WL 624198, at *5 (6th Cir. Feb. 15, 2017); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997); *White v. New Hampshire Dept. of Emp't Sec.*, 455 U.S. 445, 454 (1982)). Yet Plaintiffs contend that Judge Morris erred by not squarely addressing the principle announced in *Lovejoy* that local rules may not conflict with the Federal Rules of Civil Procedure." Obj. at 4–5; *Lovejoy v. Owens*, 19 F.3d 1433 at *2 (6th Cir. Mar. 21, 1994) (unpublished table decision).

Simply put, there is no conflict between federal rule 54(d)(2) and local rule 54.1.2(a). The federal rule itself and the case law interpreting it contemplate that the federal rule can be displaced by a local rule. Specifically, federal rule 54(d)(2)(B) begins "[*u*]*nless a statute or a court order provides otherwise*, the motion must: (i) be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added). Furthermore, rule 54(d)(2)(D) provides "[b]y local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings." Fed. R. Civ. P. 54(d)(2)(B)(i).

Although these provisions do not explicitly provide that a local court rule can change the fourteen day deadline to file a motion for attorney's fees contained in rule 54(d)(2)(B)(i), they strongly suggest as much. Furthermore, interpretive guidance has been provided by the Court of Appeals for the Sixth Circuit as well as the United States Supreme Court. As set forth above, and in the report and recommendation, it is well established that that District Courts remain free to adopt local rules establishing timeliness standards for the filing of claims of attorney's fees. Rep. & Rec. at 10, ECF No. 142 (citing *Epperson*, 2017 WL 624198, at \*5; *Stallworth*, 105 F.3d at 257; *White*, 455 U.S. at 454). This is well established in other circuits as well. *See Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey,* 297 F.3d 253 (3d Cir. 2002) (canvassing decisions from other circuits). Defendants' motions were filed within the 28 day deadline as provided in Local Rule 54.1.2(a), and are therefore timely.

Accordingly, Plaintiffs' third objection will be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' objections, ECF No. 143, are **OVERRULED.**

It is further **ORDERED** that Magistrate Judge Morris's report and recommendation, ECF No. 142, is **ADOPTED**.

It is further **ORDERED** that Defendants' motions for attorney fees, ECF Nos. 112 and 117, are **GRANTED**.

It is further **ORDERED** that Plaintiffs' motion for attorney fees, ECF No. 124, is **DENIED.**

It is further **ORDERED** that Plaintiffs David Raub and William Raub and their counsel Tonie M. Franzese are jointly and severally ordered to pay attorney fees and costs to (a)

Defendants Greenwood Township, Fred Lindsey, Thomas McCauley as Greenwood Township Trustee, Jim Havrilla, and Larry Mathias in an amount of $102,174.80; and (b) to Defendants Linda Argue, Thomas McCauley, and Moon Lake Property Owners' Association in an amount of $105,126.[1]

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 13, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager

---

[1] Exhibit 18 of Defendants' Motion for Fees, ECF No. 117, includes affidavits of Scott Holmes for 407.8 hours at $210 per hour ($85,638), Kevin Hesselink for 82.95 hours at $200 per hour ($16,590), and Gregory Meihn for 13.8 hours at $210 per hour ($2,898) for a total of $105,126. However, Defendant's motion requests $111,491.07, and Judge Morris's report and recommendation recommends granting that amount. The Court finds that the requested fee is not supported, as it leaves $6,365.07 unaccounted for. The Court agrees with Judge Morris that the lodestar amount is appropriate in this case. The amount of hours worked is reasonable and the rates charged are well within the applicable ranges identified in the state bar's report. The Court also notes that Plaintiffs have not objected to the reasonableness of the fees, thus relieving the Court of its obligation to review the proposed findings de novo. Nevertheless, the proposed fees will have to be supported by the record. The affidavit of Scott Holmes notes that certain work was performed by associates and paralegals, which totaled less than 10% of the work billed in this matter. The affidavit notes that this additional work is not being supported by affidavit, but it does not appear that it is supported anywhere else in the record either. Defendants may wish to support the additional $6,365.07 by providing applicable affidavit(s). To the extent the $6,365.07 is supported by the billing logs or elsewhere in the record, Defendants should direct the Court to the specific location where such fees or costs are accounted for.