UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID RAUB and WILLIAM RAUB,

                    Plaintiffs,                        Case No. 15-cv-13480

v.                                        Honorable Thomas L. Ludington

MOON LAKE PROPERTY OWNERS'
ASSOCIATION, OSCODA COUNTY,
GREENWOOD TOWNSHIP, THOMAS
McCAULEY, LINDA ARGUE, JIM
HERVILLA, FRED LINDSEY, LARRY
MATHIAS, and TIM WHITING,

                    Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 59

On May 2, 2017, Defendants Greenwood Township, James Hervilla, Fred Lindsey, Larry

Mathias, and Thomas McCauley (as Greenwood Township Trustee) filed a motion for attorney

fees and costs. ECF No. 112. On May 11, 2017, Defendants Linda Argue, Thomas McCauley,

and Moon Lake Property Owner's association filed a motion for attorney fees and costs. ECF

No. 117. On May 16, 2017, Plaintiffs filed a motion for attorney fees and costs. ECF No. 124.

The matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 113, 118, 126.

On June 26, 2017, Judge Morris issued a report recommending that Defendants' motions

for attorney fees and costs, ECF Nos. 112 and 117, be granted, and that Plaintiffs and Plaintiffs'

counsel be held jointly and severally liable for the payment of (a) $102,174.80 to Defendants

Greenwood Township, Fred Lindsey, Thomas McCauley as Greenwood Township Trustee, Jim

Havrilla, and Larry Mathias, and (b) $111,491.07 to Defendants Linda Argue, Thomas McCauley, and Moon Lake Property Owners' Association. ECF No. 142. Judge Morris's report also recommended that Plaintiffs' motion for attorney fees and costs be denied. *Id.*

Plaintiffs filed timely objections to the report and recommendation. ECF No. 143. On November 13, 2017, the Court entered an order overruling Plaintiffs' objections, adopting the report and recommendation, granting Defendants' motions for attorney fees and costs, and denying Plaintiffs' motion for attorney fees and costs. ECF No. 150. On December 12, 2017, Plaintiffs filed a motion for new hearing and amended judgment under rule 59, challenging the order granting attorney fees and costs. ECF No. 152.

## I.

Plaintiffs' request for a new trial under rule 59(a) will be denied as a trial never took place. Plaintiffs' request to alter or amend the judgment under rule 59(e) will also be denied. To prevail on a rule 59(e) motion, the moving party must demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009). Plaintiffs have not done so. Plaintiffs contend they are entitled to relief for three reasons.

## A.

First, Plaintiffs assert they were denied a "meaningful opportunity to be heard at a meaningful time" because they were not afforded an opportunity for oral argument. Mot. at 1, ECF No. 152. Plaintiffs were afforded a meaningful opportunity to be heard in their briefing on the motions for attorney fees and their objections to Judge Morris's report and recommendation.

Rule 78(b) authorizes motions to be decided on the briefs, and Plaintiffs furnish no legal authority to the contrary. Fed. R. Civ. P. 78(b). Nor is oral argument necessary to prevent a

manifest injustice, as Plaintiffs have not identified any factual or legal issues to be explored at oral argument.

Furthermore, this argument was already rejected in the order granting Defendants' motion for attorney fees. Order at 2, ECF No. 150. Plaintiffs may not use rule 59(e) to re-assert arguments previously rejected by the Court. *See Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008).

**B.**

Second, Plaintiffs assert they were "denied necessary discovery." Mot. at 2. This assertion does not establish their entitlement to relief under rule 59(e). Plaintiffs do not identify any discovery they were denied. Nor do Plaintiffs explain how a discovery dispute undermines the validity of the fee award or excuses Plaintiffs' conduct throughout the litigation.

**C.**

Finally, Plaintiffs assert that the attorney fee award represents a "grossly excessive fine." *Id.* at 3. Plaintiffs quote from a series of cases to support the notion that the punishment ought to be proportional to the wrong, including cases overturning punitive damage awards. Here, the "punishment" is directly proportional to the wrong. Plaintiffs' improper conduct is explained in detail in Judge Morris's report and the Court's order. ECF Nos. 142, 150. Defendants' incurred fees as a result of that conduct, and Plaintiffs were ordered to reimburse Defendants for those fees. Plaintiffs have not challenged the amount of fees incurred or billing records produced in support of those fees.

**II.**

Accordingly, it is **ORDERED** that Plaintiffs' motion for relief under rule 59, ECF

No. 152, is **DENIED**.


                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: January 3, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on January 3, 2018.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager