# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 13, 2018

Ms. Nancy V. Dembinski
Mr. David B. Landry
Landry, Mazzeo & Dembinski
37000 Grand River Avenue
Suite 200
Farmington Hills, MI 48335

Ms. Tonie Marie Franzese
P.O. Box 713
Northville, MI 48167

Mr. Scott S. Holmes
Foley & Mansfield
130 E. Nine Mile Road
Ferndale, MI 48220

    Re:   Case Nos. 17-1564/2498/18-1085, *Raub, et al v. Moon Lake Property Owners', et al*
            Originating Case No. : 1:15-cv-13480

Dear Counsel,

  The Court issued the enclosed opinion today in these cases.

                              Sincerely yours,

                                s/Cathryn Lovely
                                Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0195n.06

Case Nos. 17-1564/17-2498/18-1085

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DAVID RAUB; WILLIAM RAUB, | ) | **FILED** |
|  | ) | Apr 13, 2018 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| MOON LAKE PROPERTY OWNERS' | ) | MICHIGAN |
| ASSOCIATION; GREENWOOD | ) |  |
| TOWNSHIP; THOMAS MCCAULEY; | ) |  |
| LINDA ARGUE; JAMES HAVRILLA; | ) |  |
| FRED LINDSEY; LARRY MATHIAS, | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |

BEFORE: SUHRHEINRICH, GRIFFIN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. David and William Raub own two plots of land in Moon Lake Resort, a private subdivision in northern Michigan. Over ten years ago, they accused the property owners' association of building a pool that does not comply with the Americans with Disabilities Act. Now they claim that the property owners' association, the town, and the county are engaged in a conspiracy to retaliate against them. The problem for the Raubs, however, is that they already litigated their claims in state court or could have raised them at that time. The district court thus summarily dismissed their case and ordered them to pay attorneys' fees. We now affirm.

Case Nos. 17-1564/17-2498/18-1085
*David Raub, et al. v. Moon Lake Prop. Owners' Ass'n, et al.*

*Res Judicata*. The Raubs did not contest the merits of the defendants' res judicata argument in the district court and have thus forfeited their right to do so on appeal. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552–53 (6th Cir. 2008). So instead, they argue that the defendants should have raised res judicata through Rule 12(b)(6) or Rule 12(c) when the Raubs filed suit rather than waiting until summary judgment.

We disagree. Defendants are allowed to raise res judicata at summary judgment, especially when the defense would not have been effective at the time the plaintiff filed suit. *See Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227–28 (6th Cir. 1981). Such was the case here, since two of the cases that precluded the Raubs' claims did not reach a final decision until months after the Raubs filed their complaint. *See Richards v. Tibaldi*, 726 N.W.2d 770, 776 (Mich. Ct. App. 2006) (res judicata defense is not effective until preclusive lawsuit becomes final); *see also Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 851–52 (6th Cir. 1997) (holding that federal court should apply state law to determine preclusive effect of prior state-court judgment). It was thus entirely permissible for the defendants to raise res judicata when they moved for summary judgment. *Westwood*, 656 F.2d at 1227–28. And the defendants' motions for summary judgment should not have come as a surprise to the Raubs, since each defendant listed res judicata as an affirmative defense and referenced the pending state cases in their answers. Accordingly, the district court did not err in dismissing the Raubs' suit.

*Discovery*. The Raubs also argue that the district court improperly limited discovery when it granted the defendants' motions for protective orders. The Raubs point out that the defendants filed these motions late, and that the protective orders prevented the Raubs from accessing almost all of the electronically stored information they requested. Courts of appeals do

- 2 -

Case Nos. 17-1564/17-2498/18-1085
*David Raub, et al. v. Moon Lake Prop. Owners' Ass'n, et al.*

not second guess discovery decisions like these lightly. So to succeed on this argument, the Raubs have to show that the district court abused its discretion *and* that they suffered substantial prejudice as a result. *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). The Raubs make no attempt to explain how the district court's decisions prejudiced their ability to ward off a motion for summary judgment based on res judicata. Indeed, every discovery request the Raubs point to on appeal was aimed at uncovering evidence of the defendants' alleged wrongdoing—which, of course, is irrelevant to the question of whether the parties had already adjudicated the Raubs' claims in state court. *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 44–45 (1st Cir. 1998). We therefore decline to reverse the district court on this ground.

In addition, the Raubs claim that the district court's decision to limit discovery violated their constitutional right to due process. But they do not point to a single case supporting the proposition that denying a litigant's discovery request in this context violates the Fifth Amendment. Since it is not enough to mention an argument in passing and leave the court to "put flesh on its bones," the Raubs have forfeited this claim. *Brenay v. Schartow*, 709 F. App'x 331, 336–37 (6th Cir. 2017) (citation omitted).

*Attorneys' Fees*. The Raubs also appeal the district court's decision to award the defendants attorneys' fees. First, they argue that the defendants filed their fee requests after the fourteen-day deadline set out in the Federal Rules of Civil Procedure and thereby waived their right to collect. *See* Fed. R. Civ. P. 54(d)(2)(B). The Eastern District of Michigan, however, allows litigants double that amount of time. E.D. Mich. R. 54.1.2. And all of the defendants filed their requests within twenty-eight days of the district court's final judgment.

- 3 -

Case Nos. 17-1564/17-2498/18-1085
*David Raub, et al. v. Moon Lake Prop. Owners' Ass'n, et al.*

The Raubs urge us to set the local rule aside because it "impermissibly" conflicts with the federal one. But district courts are allowed to establish their own timeliness standards for fee requests regardless of the federal rule's fourteen-day deadline. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997); *see also Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 260–61 (3d Cir. 2002) (holding that district courts can extend the deadline by local rule, and noting that the Fifth, Seventh, Ninth, and Eleventh Circuits have held the same). So the local rule is valid and the defendants' requests were timely.

Next, the Raubs claim that the defendants are not entitled to fees because they multiplied the litigation for strategic purposes and are not prevailing parties under the relevant fee-shifting statutes. *See* 42 U.S.C. §§ 1988(b), 12205. The Raubs did not raise either of these arguments in their objections to the magistrate judge's report and recommendation. As such, they have forfeited their right to do so on appeal. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

Finally, the Raubs argue that the district court abused its discretion when it denied their Rule 59 motion to amend the attorneys' fee order. Curiously, the Raubs dedicate their briefing on this point to challenging the district court's decision to grant summary judgment. Since none of the Raubs' summary-judgment arguments are relevant to the question of attorneys' fees, the Raubs' Rule 59 challenge fails.

For these reasons, we **AFFIRM** the district court's orders.

- 4 -